Andrew Carmichael **BYFIELD**, Petitioner,

v.

Alberto R. **GONZALES**, U.S. Attorney General, Respondent.

No. 06–61009
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 2007.

Andrew Carmichael Byfield, Haskell, TX, pro se.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, Washington, DC, pro se.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Andrew Carmichael Byfield, a native and citizen of Jamaica, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the denial of his application for withholding of removal under the Convention Against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture. Byfield, who is proceeding pro se, asserts (1) that he will be tortured or killed because of his sexual orientation if he is deported to Jamaica and (2) that the immigration judge (IJ) and the BIA refused to consider the evidence supporting his claim.

Byfield conceded removability on the basis that he committed a criminal offense covered in section 8 U.S.C. § 1252(a)(2)(C). Therefore, we lack jurisdiction to review whether he will be tortured if he returns to Jamaica. *See* 8 U.S.C. § 1252(a)(2)(C).

We construe Byfield's assertion that the IJ and BIA willfully refused to consider the evidence as a claim that he was denied due process. We have jurisdiction to consider constitutional claims under § 1252(a)(2)(D), and we review the claims de novo. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir.2006). The Due Process Clause affords an alien charged with removability with the right to "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Hadwani v. Gonzales*, 445 F.3d 798, 799 (5th Cir.2006)(quotation marks omitted). Byfield received the process that was due.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.